**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unlimited Collision LLC, | No. CV-25-01590-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Ultimate Collision LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Unlimited Collision LLC's ("Unlimited") Motions for Preliminary Injunction and for Limited Expedited Discovery, (Docs. 10, 14.) The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper in this District. Having held a hearing on the fully briefed motions on June 3, 2025, (*see* Doc. 22), the Court **grants in part** the Motion for Preliminary Injunction and **denies** the Motion for Limited Expedited Discovery, for the reasons that follow.

Unlimited and Defendant Ultimate Collision, LLC ("Ultimate") are both recreational vehicle and automobile repair service businesses located in Phoenix, Arizona. (Doc. 1 ¶¶ 12–13, 15.) Unlimited asserts that when a user Googles the keyword "Unlimited Collision," the user sees a headline[1] on Google Ads containing "Unlimited Collision," but

---

[1] In its motion, Unlimited explains that Google Ad headlines are "short, attention-grabbing phrases that appear at the top of a Sponsored Ad" as one of the "first thing users see," and that "Google recommends that the headlines clearly state what the business or product is about." (Doc. 10 at 6–7.) Defendants Ultimate and Sunny Side Az RV Repair, LLC (collectively, "Defendants") do not dispute this.

1 the headline's accompanying link directs customers to *Ultimate's* website. Ultimate argues that this situation creates a strong likelihood of confusion, giving rise to a claim for trademark infringement. (Doc. 10 at 5–6.) *Cf. Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1057 (9th Cir. 1999) ("In the Internet context, in particular, entering a web site takes little effort—usually one click from a linked site or a search engine's list; thus, Web surfers are more likely to be confused as to the ownership of a web site than traditional patrons of a brick-and-mortar store would be of a store's ownership."). Unlimited therefore requests that the Court enjoin Defendants from (1) using Unlimited's name or derivative names "Unlimited Collision," "Unlimited Collision, LLC," or "Unlimited Collision & RV" ("Unlimited's Marks")[2] in the headlines of Defendants' Google Ads; and (2) using these same names as keywords in Defendants' Google Ads. (*See* Doc. 10 at 1–2.)

In their response to Unlimited's motions, Defendants initially asserted that they "are not presently aware of how those ads came to be, and their investigation has not yet yielded satisfactory results." (Doc. 19 at 1–2.) At the hearing, Defendants updated the Court on their investigation efforts and explained that the Google Ads headlines utilizing Unlimited's Marks, but linking to Ultimate's website, were generated by Google due to a "bug" in Google's algorithm for dynamic ads. Defendants also informed the Court they have stopped placing dynamic ads to avoid this result.

In light of these facts, and without waiving their defenses, at the hearing Defendants stipulated to a preliminary injunction enjoining them and their agents from purchasing Google Ads that utilize Unlimited's Marks in the headlines, including those generated via dynamic ads. Defendants opposed, however, Unlimited's second form of requested relief regarding the use of Unlimited's Marks as keywords, arguing this relief is overbroad because it specifically precludes clearly labeled competitive keyword advertising, which is permitted in the Ninth Circuit. *See Lerner & Rowe PC v. Brown Engstrand & Shely LLC*, 119 F.4th 711, 722–24 (9th Cir. 2024) (finding that where a defendant bought a plaintiff's

---

[2] Unlimited alleges these are protectable common law trademarks, (Doc. 10 at 8), and, for purposes of this motion, Defendants do not dispute this, (*see* Doc. 19 at 1).

mark as a keyword, there was no likelihood of confusion when the defendant used clearly-labeled advertising which did not include the plaintiff's mark); *see also* J. Thomas McCarthy, 4 *McCarthy on Trademarks and Unfair Competition* § 25A:7 (5th ed. 2025) ("[t]hree federal Circuit courts of appeal," including the Ninth Circuit, "have held that there is no likelihood of confusion if all that defendant has done is use another's mark as a keyword to trigger an ad for defendant in which the plaintiff's trademark does not appear").

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Here, a preliminary injunction prohibiting the utilization of Unlimited's Marks in Defendants' Google Ads headlines—including when such utilization is the result of the purchase of dynamic ads—is appropriate based on the stipulation of the parties. But at this stage, no additional relief is warranted. *See United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("A preliminary injunction should be narrowly tailored to remedy the specific harm alleged.").

Turning to Unlimited's Motion for Limited Expedited Discovery, both parties agreed at the hearing that, given the stipulated preliminary injunctive relief and Defendants' ongoing efforts to investigate and stop the Google Ad results at issue, expedited discovery is unnecessary.

Accordingly,

**IT IS ORDERED** that Unlimited's Motion for Preliminary Injunction (Doc. 10) is **granted in part**. Until further order of this Court, Defendants and their agents are enjoined from (a) using the marks "Unlimited Collision," "Unlimited Collision, LLC," or "Unlimited Collision & RV" in the headlines of their Google Ads, and (b) purchasing dynamic advertising that results in Unlimited's Marks appearing in the headlines of Defendants' Google Ads.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff Unlimited's Motion for Limited Expedited Discovery (Doc. 14) is **DENIED**.

Dated this 4th day of June, 2025.

_____
Honorable Sharad H. Desai
United States District Judge